IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SERGIO MOSCHITTI**<br>100 Bald Cyprus Lane<br>Levittown, PA 19054 | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | **NO.** |
| **NATIONAL RAILROAD PASSENGER**<br>**CORPORATION (AMTRAK)** | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

1.     The plaintiff herein is Sergio Moschitti, a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 100 Bald Cyprus Lane, Levittown, Pennsylvania 19054.

2.     This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3.     The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4.     At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and

1

its territories.

5.    At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6.    At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.    At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a signal maintainer.

8.    All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9.    As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries; has been unable to attend to his usual duties and occupation since the date of the subject incident and may be unable to attend to the same for an indefinite time into the future, all to his great detriment and loss.

10.    The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11.     On or about Wednesday, February 4, 2026 at approximately 9:45 a.m., plaintiff was assigned to perform Federal Railroad Administration required testing on the 43A2 switch at Midway Interlocking near Monmouth Junction, New Jersey.

12.     Approximately three weeks prior thereto, another Amtrak signal maintainer was performing similar testing on another railroad switch at Lincoln Interlocking when he was shocked with approximately 220 volts due to the failure of that particular railroad switch to be properly grounded when the internal heater of that switch was on and electrified.

13.     In the intervening time between the incident at the Lincoln Interlocking in January, 2026 and February 4, 2026, defendant Amtrak failed to take any measures to inspect, maintain or repair its electrified switches with internal heaters so as to make sure that such switches were operating safely and properly grounded so as to prevent any other signal maintainers from being exposed to electric shock and/or electrocution-related injuries.

14.     On February 4, 2026 at approximately 9:45 a.m. while performing the monthly switch inspection on the 43A2 switch at Midway Interlocking, the plaintiff was situated on his hands and knees adjusting lock rods when he was shocked with 220 volts of electricity causing him to be jolted backwards jerking his neck and left shoulder and sustaining the severe and permanent injuries described below.

15.     Upon information and belief, the components of the subject switch and rail became electrified due to the internal switch heater not being shut off and/or not being equipped with an internal safety feature to prevent such condition as previously recommended to Amtrak by the manufacturer of the internal heater.

16.     Similarly, the failure of the system to be properly grounded resulted from the defective condition of the internal heater and/or defendant Amtrak ignoring manufacturer

recommendations and Amtrak instead attempting to ground the system by driving rods into the adjacent ground.

17.     Plaintiff sustained severe and permanent injuries, as described below, due to the negligence of the defendant, its agents, servants, workmen and/or employees including, but not limited to:

(a)     Failing to adhere to the switch heater manufacturer's recommendations to include internal safety features to prevent electrification of the switch and adjacent components;

(b)     Failing to inspect, maintain and/or repair the subject switch and the internal heater and associated components to prevent such electrification despite being placed on prior notice of the dangerous condition as a result of the similar incident occurring three weeks prior at Lincoln Interlocking;

(c)     Failing to immediately inspect, maintain and/or repair its switches and internal heaters at Midway Interlocking so as to prevent such dangerous condition after being placed on notice of such dangerous condition three weeks prior when a similar incident occurred at Lincoln Interlocking;

(d)     Failing to equip the subject switch and internal heater with suitable safety features and measures so as to prevent such electrification of the switch and adjacent components;

(e)     Failing to implement and enforce a Job Safety Analysis after the prior similar event at Lincoln Interlocking so as to prevent what occurred three weeks later on the date and time of the plaintiff's injuries;

(f)     Failing to properly instruct all Amtrak signal maintainers, including the plaintiff, that the internal switch heaters should be turned off prior to performing any inspections, work or adjustment of the switch and lock rods;

(g)     Failing to properly and safely ground the subject switch and internal heater so as to prevent electrification of the switch and the adjacent components; and

(h)     Failing to warn the plaintiff of the aforementioned dangerous conditions.

18.     The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees as well as by the defendant's violation of the Federal

4

Employers' Liability Act and violation of federal statutes and/or regulations pertaining to the subject switch inspection and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

19.    As a result of the aforesaid incident, the plaintiff sustained serious and permanent injuries to his cervical spine, left shoulder and central nervous system including, but not limited to, electrocution injury, sensory neuropathy, multiple cervical disc herniations with spinal cord impingement, aggravation and/or exacerbation of cervical spinal stenosis, exacerbation and aggravation of left shoulder acromioclavicular joint degeneration and rotator cuff tendinosis. Some or all of these injuries have required spinal injections and may require surgical intervention and the full extent of the plaintiff's injuries is not presently known.

**WHEREFORE,** plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

Date: July 1, 2026

By:_____
MICHAEL J. OLLEY, ESQUIRE
Atty I.D. No.: 56118
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone: 610-668-9800
Fax: 610-667-3352
Attorney for Plaintiff Sergio Moschitti